# EXHIBIT "A"

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**  WALT DISNEY PARKS AND RESORTS U.S. *(AVISO AL DEMANDADO):* INC., a Florida Corporation; DISNEY ENTERTAINMENT PRODUCTIONS, a California Corporation; THE WALT DISNEY COMPANY, a Delaware Corporation; Additional Parties Attachment form is attached.<br><br>**YOU ARE BEING SUED BY PLAINTIFF:** DAVID ANTHONY PADILLA, an *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* individual, and on behalf of others similarly situated | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 0 4 2018<br><br>Sherri R. Carter, executive Officer/Clerk<br>By: _____ , Deputy<br>Moses Soto |

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**BC 6 8 9 1 7 2** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Matthew J. Matern     SBN: 159798
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matern Law Group, PC
1230 Rosecrans Avenue, Suite 200, Manhattan Beach, CA 90266                    (310) 531-1900

| | | | |
|---|---|---|---|
| DATE:  JAN 0 4 2018<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by _____<br>*(Secretario)* | M. Soto        , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)           ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)

          ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*.

Page 1 of 1

SUMMONS

SUM-200(A)

| | |
|---|---|
| SHORT TITLE: David Padilla v. The Walt Disney Company | CASE NUMBER: |

## INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

DISNEY WORLDWIDE SERVICES, INC, a Florida Corporation; WALT DISNEY PARKS AND RESORTS WORLDWIDE, a California Corporation; and DOES 1 through 50, inclusive,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
Attachment to Summons

Westlaw Doc & Form Builder

1  MATERN LAW GROUP, PC
   Matthew J. Matern (SBN 159798)
2  Email: mmatern@maternlawgroup.com
   Tagore Subramaniam (SBN 280126)
3  Email: tagore@maternlawgroup.com
   Daniel J. Bass (SBN 287466)
4  Email: dbass@maternlawgroup.com
5  1230 Rosecrans Avenue, Suite 200
   Manhattan Beach, CA 90266
6  Tel: (310) 531-1900
   Facsimile: (310) 531-1901
7

8  Attorneys for Plaintiff DAVID ANTHONY
   PADILLA individually, and on behalf of
9  others similarly situated

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 0 4 2018

Sherri R. Carter, Executive Officer/Clerk
By: _____, Deputy
Moses Soto

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                        COUNTY OF LOS ANGELES

12

13  DAVID ANTHONY PADILLA, an individual,
    and on behalf of others similarly situated
14
15              Plaintiff,
16              vs.
17  WALT DISNEY PARKS AND RESORTS U.S.
    INC., a Florida Corporation; DISNEY
18  ENTERTAINMENT PRODUCTIONS, a
    California Corporation; THE WALT DISNEY
19  COMPANY, a Delaware Corporation; DISNEY
    WORLDWIDE SERVICES, INC, a Florida
20  Corporation; WALT DISNEY PARKS AND
    RESORTS WORLDWIDE, a California
21  Corporation; and DOES 1 through 50,
    inclusive,
22
                Defendants

BC 689172

CASE NO.:

**COMPLAINT**

**CLASS ACTION:**

1. Failure to Provide Required Meal Periods
2. Failure to Provide Required Rest Periods
3. Failure to Pay Overtime Wages
4. Failure to Pay Minimum Wages
5. Failure to Pay All Wages Due to Discharged and Quitting Employees
6. Failure to Maintain Required Records
7. Failure to Furnish Accurate Itemized Wage Statements
8. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties
9. Unfair and Unlawful Business Practices

**REPRESENTATIVE ACTION:**

10. Penalties under the Labor Code Private Attorneys General Act, as Representative Action

**DEMAND FOR JURY TRIAL**

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   PLAINTIFF DAVID ANTHONY PADILLA ("PLAINTIFF") an individual, demanding a

2   jury trial, on behalf of himself and other persons similarly situated, hereby alleges as follows:

3   **JURISDICTION AND VENUE**

4   1.   The Superior Court of the State of California has jurisdiction in this matter because

5   PLAINTIFF is a resident of the State of California, and Defendants WALT DISNEY PARKS

6   AND RESORTS U.S. INC., a Florida Corporation; DISNEY ENTERTAINMENT

7   PRODUCTIONS, a California Corporation; THE WALT DISNEY COMPANY, a Delaware

8   Corporation; DISNEY WORLDWIDE SERVICES, INC, a Florida Corporation; WALT DISNEY

9   PARKS AND RESORTS WORLDWIDE, a California Corporation; and DOES 1 through 50

10  inclusive (collectively "DEFENDANTS"), are qualified to do business in California and regularly

11  conduct business in California. Further, no federal question is at issue because the claims are based

12  solely on California law.

13  2.   Venue is proper in this judicial district and the County of Los Angeles, California

14  because PLAINTIFF, and other persons similarly situated, performed work for DEFENDANTS

15  in the County of Los Angeles, DEFENDANTS maintain offices and facilities and transact

16  business in the County of Los Angeles, and because DEFENDANTS' illegal payroll policies and

17  practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and

18  other persons similarly situated, in the County of Los Angeles.

19  **PLAINTIFF**

20  3.   PLAINTIFF is a male resident of the State of California and a former employee of

21  DEFENDANTS.

22  4.   PLAINTIFF, on behalf of himself and other similarly situated current and former

23  non-exempt employees of DEFENDANTS in the State of California at any time during the four

24  years preceding the filing of this action, and continuing while this action is pending, brings this

25  class action to recover, among other things, wages and penalties from unpaid wages earned and

26  due, including but not limited to unpaid minimum wages, unpaid and illegally calculated overtime

27  compensation, illegal meal and rest period policies, failure to pay all wages due to discharged and

28  quitting employees, failure to indemnify employees for necessary expenditures and/or losses

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

2

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   incurred in discharging their duties, failure to provide accurate itemized wage statements, failure

2   to maintain required records, and interest, attorneys' fees, costs, and expenses.

3        5.     PLAINTIFF brings this action on behalf of himself and the following similarly

4   situated class of individuals ("CLASS MEMBERS"): all current and former non-exempt

5   employees of DEFENDANTS in the State of California at any time within the period

6   beginning four (4) years prior to the filing of this action and ending at the time this action

7   settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right

8   to name additional class representatives.

9   **DEFENDANTS**

10        6.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

11   WALT DISNEY PARKS AND RESORTS U.S. INC. is, and at all times relevant hereto was, a

12   Florida corporation organized and existing under the laws of the State of California. PLAINTIFF

13   is further informed and believes, and thereon alleges, that DEFENDANT WALT DISNEY

14   PARKS AND RESORTS U.S. INC. is authorized to conduct business in the State of California,

15   and does conduct business in the State of California. Specifically, DEFENDANT WALT

16   DISNEY PARKS AND RESORTS U.S. INC. maintains offices and facilities and conducts

17   business in, and engages in illegal payroll practices or policies in, the County of Los Angeles,

18   State of California.

19        7.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

20   DISNEY ENTERTAINMENT PRODUCTIONS is, and at all times relevant hereto was, a

21   California corporation organized and existing under the laws of the State of California.

22   PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT DISNEY

23   ENTERTAINMENT PRODUCTIONS is authorized to conduct business in the State of

24   California, and does conduct business in the State of California. Specifically, DEFENDANT

25   DISNEY ENTERTAINMENT PRODUCTIONS maintains offices and facilities and conducts

26   business in, and engages in illegal payroll practices or policies in, the County of Los Angeles,

27   State of California.

28        8.     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

3

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

THE WALT DISNEY COMPANY is, and at all times relevant herein was, a Delaware corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT THE WALT DISNEY COMPANY is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, upon information and belief, Defendant THE WALT DISNEY COMPANY maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

9. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT DISNEY WORLDWIDE SERVICES, INC. is, and at all times relevant hereto was, a Florida corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT DISNEY WORLDWIDE SERVICES, INC. is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT DISNEY WORLDWIDE SERVICES, INC. maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

10. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT WALT DISNEY PARKS AND RESORTS WORLDWIDE is, and at all times relevant hereto was, a California corporation organized and existing under the laws of the State of California. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT WALT DISNEY PARKS AND RESORTS WORLDWIDE is authorized to conduct business in the State of California, and does conduct business in the State of California. Specifically, DEFENDANT WALT DISNEY PARKS AND RESORTS WORLDWIDE maintains offices and facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of Los Angeles, State of California.

11. The true names and capacities of DOES 1 through 50, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DOE Defendants under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each Defendant designated as a DOE is in some manner highly responsible for the occurrences alleged herein, and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

4

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   that PLAINTIFF and CLASS MEMBERS' injuries and damages, as alleged herein, were

2   proximately caused by the conduct of such DOE Defendants. PLAINTIFF will seek leave of the

3   court to amend this Complaint to allege their true names and capacities of such DOE Defendants

4   when ascertained.

5       12.     At all relevant times herein, DEFENDANTS were the joint employers of

6   PLAINTIFF and CLASS MEMBERS. PLAINTIFF is informed and believes, and thereon allege,

7   that at all times material to this complaint DEFENDANTS were the alter egos, divisions,

8   affiliates, integrated enterprises, joint employers, subsidiaries, parents, principals, related entities,

9   co-conspirators, authorized agents, partners, joint venturers, and/or guarantors, actual or

10  ostensible, of each other. Each Defendant was completely dominated by his, her or its co-

11  Defendant, and each was the alter ego of the other.

12      13.     At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed

13  by DEFENDANTS under employment agreements that were partly written, partly oral, and partly

14  implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them,

15  acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF

16  and CLASS MEMBERS all wages earned and due, through methods and schemes which include,

17  but are not limited to, failing to pay overtime premiums; failing to provide rest and meal periods;

18  failing to properly maintain records; failing to provide accurate itemized statements for each pay

19  period; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary

20  expenditures; and requiring, permitting or suffering the employees to work off the clock, in

21  violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

22      14.     PLAINTIFF is informed and believes, and thereon allege, that each and every one

23  of the acts and omissions alleged herein were performed by, and/or attributable to, all

24  DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control

25  of, each of the other DEFENDANTS, and that said acts and failures to act were within the course

26  and scope of said agency, employment and/or direction and control.

27      15.     As a direct and proximate result of the unlawful actions of DEFENDANTS,

28  PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, from loss of earnings

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

5

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this

2  Court.

3  ## CLASS ACTION DESIGNATION

4      16.    This action is appropriately suited for a Class Action because:

5          a.    The potential class is a significant number.  Joinder of all current and

6  former employees individually would be impractical.

7          b.    This action involves common questions of law and fact to the potential

8  class because the action focuses on DEFENDANTS' systematic course of illegal payroll practices

9  and policies, which was applied to all non-exempt employees in violation of the Labor Code, the

10  applicable IWC wage order, and the Business and Professions Code which prohibits unfair

11  business practices arising from such violations.

12          c.    The claims of PLAINTIFF are typical of the class because DEFENDANTS

13  subjected all non-exempt employees to identical violations of the Labor Code, the applicable

14  IWC wage order, and the Business and Professions Code.

15          d.    PLAINTIFF is able to fairly and adequately protect the interests of all

16  members of the class because it is in his best interests to prosecute the claims alleged herein to

17  obtain full compensation due to them for all services rendered and hours worked.

18  ## FIRST CAUSE OF ACTION

19  ### Failure to Provide Required Meal Periods

20  **[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197; IWC Wage Order No. 10-2001, § 11]**

21  ### (Against all DEFENDANTS)

22      15.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

23  allegations in preceding paragraphs.

24      16.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

25  and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS

26  required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than

27  the 30-minute meal period, or to work through them, and have failed to otherwise provide the

28  required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

6

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

§ 226.7, 512 and IWC Order No. 10-2001, § 11.

17. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 10-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

18. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 10-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

19. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

### [Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 10-2001, § 12]

### (Against all DEFENDANTS)

20. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in preceding paragraphs.

21. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 10-2001, § 12.

22. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 10-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

23. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

7

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1    MEMBERS have been damaged in an amount according to proof at trial, and seek all wages

2    earned and due, interest, penalties, expenses, and costs of suit.

3                          **THIRD CAUSE OF ACTION**

4                         **Failure to Pay Overtime Wages**

5        **[Cal. Labor Code §§ 510, 1194, 1198; IWC Wage Order No. 10-2001, § 3]**

6                          **(Against all DEFENDANTS)**

7        24.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

8    allegations in preceding paragraphs.

9        25.    Pursuant to California Labor Code §§ 510, 1194, and IWC Wage Order No. 10-

10   2001, § 3, DEFENDANTS are required to compensate PLAINTIFF and CLASS MEMBERS for

11   all overtime, which is calculated at one and one-half (1 ½) times the regular rate of pay for all

12   hours worked in excess of eight (8) hours per day and/or forty (40) hours per week, and for the

13   first eight (8) hours on the seventh consecutive workday, with double time for all hours worked in

14   excess of twelve (12) hours in any workday and for all hours worked in excess of eight (8) hours

15   on the seventh consecutive day of work in any workweek.

16       26.    PLAINTIFF and CLASS MEMBERS are current and former non-exempt

17   employees entitled to the protections of California Labor Code §§ 510, 1194, and IWC Wage

18   Order No. 10-2001.  During the CLASS PERIOD, DEFENDANTS failed to compensate

19   PLAINTIFF and CLASS MEMBERS for all overtime hours worked as required under the

20   foregoing provisions of the California Labor Code and IWC Wage Order by, among other things:

21   failing to pay overtime at one and one-half (1 ½) or double the regular rate of pay as provided by

22   California Labor Code §§ 510, 1194, and IWC Wage Order No. 10-2001, § 3; requiring,

23   permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring,

24   permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest

25   breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS

26   worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to

27   provide accurate itemized wage statements to PLAINTIFF for each pay period; and other

28   methods to be discovered.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

8

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

27.     In violation of California law, DEFENDANTS have knowingly and willfully refused to perform their obligations to compensate PLAINTIFF and CLASS MEMBERS for all wages earned and all hours worked.  As a proximate result, PLAINTIFF and CLASS MEMBERS have suffered, and continue to suffer, substantial losses related to the use and enjoyment of such wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel DEFENDANTS to fully perform their obligations under state law, all to their respective damages in amounts according to proof at time of trial, and within the jurisdiction of this Court.

28.     DEFENDANTS' conduct described herein violates California Labor Code §§ 510, 1194, 1198 and IWC Wage Order No. 10-2001, § 3.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1, and other applicable provisions under the California Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wages

### [Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 10-2001, § 4]

### (Against all DEFENDANTS)

29.     PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in preceding paragraphs.

30.     Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 10-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

31.     During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked; failing to properly maintain PLAINTIFF's and CLASS MEMBERS' records; failing to

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

9

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  provide accurate itemized wage statements to PLAINTIFF and CLASS MEMBERS for each pay

2  period; and other methods to be discovered.

3      32.    DEFENDANTS' conduct described herein violates California Labor Code §§

4  1194, 1197, and IWC Wage Order No. 10-2001, § 4.  As a proximate result of the aforementioned

5  violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to

6  proof at trial.  Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1197.1,

7  and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and

8  CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by

9  DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

10                          **FIFTH CAUSE OF ACTION**

11      **Failure to Pay All Wages Due to Discharged and Quitting Employees**

12                     **[Cal. Labor Code §§ 201, 202, 203]**

13                          **(Against all DEFENDANTS)**

14      33.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

15  allegations in preceding paragraphs.

16      34.    Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are

17  required to pay all earned and unpaid wages to an employee who is discharged.  California Labor

18  Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued

19  and unpaid at the time of discharge are due and payable immediately.

20      35.    Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are

21  required to pay all accrued wages due to an employee no later than 72 hours after the employee

22  quits his or her employment, unless the employee provided 72 hours previous notice of his or her

23  intention to quit, in which case the employee is entitled to his or wages at the time of quitting.

24      36.    California Labor Code § 203 provides that if an employer willfully fails to pay, in

25  accordance with California Labor Code §§ 201 and 202, any wages of an employee who is

26  discharged or who quits, the employer is liable for waiting time penalties in the form of continued

27  compensation to the employee at the same rate for up to 30 workdays.

28      37.    During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

10

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1  wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with

2  California Labor Code §§ 201 and 202.

3       38.    As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available

4  statutory penalties, including the waiting time penalties provided in California Labor Code § 203,

5  together with interest thereon, as well as other available remedies.

6       39.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

7  PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount

8  according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are

9  entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant

10  to California Labor Code §§ 1194 and 2699.

11  **SIXTH CAUSE OF ACTION**

12  **Failure to Maintain Required Records**

13  **[Cal. Labor Code §§ 226; IWC Wage Order No. 10-2001, § 7]**

14  **(Against all DEFENDANTS)**

15       40.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

16  allegations in preceding paragraphs.

17       41.    During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies

18  and practices to deprive PLAINTIFF and CLASS MEMBERS of all wages earned and due,

19  DEFENDANTS knowingly and intentionally failed to maintain records as required under

20  California Labor Code §§ 226, 1174, and IWC Wage Order No. 10-2001, § 7, including but not

21  limited to the following records: total daily hours worked by each employee; applicable rates of

22  pay; all deductions; meal periods; time records showing when each employee begins and ends

23  each work period; and accurate itemized statements.

24       42.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

25  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

26  trial, and are entitled to all wages earned and due, plus interest thereon. Additionally,

27  PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including

28  but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5,

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

11

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1   and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those

2   provided in California Labor Code § 226(e), as well as other available remedies.

3                           **SEVENTH CAUSE OF ACTION**

4               **Failure to Furnish Accurate Itemized Wage Statements**

5          **[Cal. Labor Code §§ 226, 1174; IWC Wage Order No. 10-2001, § 7]**

6                           **(Against all DEFENDANTS)**

7          43.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the

8   allegations in preceding paragraphs.

9          44.    During the CLASS PERIOD, DEFENDANTS routinely failed to provide

10  PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage statements in

11  writing showing each employee's gross wages earned, total hours worked, all deductions made,

12  net wages earned, the name and address of the legal entity or entities employing PLAINTIFF and

13  CLASS MEMBERS, and all applicable hourly rates in effect during each pay period and the

14  corresponding number of hours worked at each hourly rate, in violation of California Labor Code

15  § 226 and IWC Wage Order No. 10-2001, § 7.

16         45.    During the CLASS PERIOD, DEFENDANTS knowingly and intentionally failed

17  to provide PLAINTIFF and CLASS MEMBERS with timely, accurate, and itemized wage

18  statements in accordance with California Labor Code § 226(a).

19         46.    As a proximate result of DEFENDANTS' unlawful actions and omissions,

20  PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at

21  trial, and seek all wages earned and due, plus interest thereon. Additionally, PLAINTIFF and

22  CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to

23  civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of

24  costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in

25  California Labor Code § 226(e), as well as other available remedies.

26  //

27  //

28  //

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

12                                    CLASS ACTION AND REPRESENTATIVE
                                           ACTION COMPLAINT

## EIGHTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of**

**Duties**

**[Cal. Labor Code § 2802]**

**(Against all DEFENDANTS)**

47.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in preceding paragraphs.

48.    California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of her his or her duties, or of his or her obedience to the directions of the employer.

49.    During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

50.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California Labor Code § 2802(b).  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## NINTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 et. seq.]**

**(Against all DEFENDANTS)**

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in preceding paragraphs.

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

13

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

52.     Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay overtime compensation, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' failure and refusal to furnish accurate itemized wage statements; DEFENDANTS' failure and refusal to maintain required records, DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties, constitutes an unfair and unlawful business practice under California Business and Professions Code § 17200 et seq.

53.     DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54.     DEFENDANTS have avoided payment of wages, overtime wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order.  Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55.     As a result of DEFENDANTS' unfair and unlawful business practices, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public.  DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56.     DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

14

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## TENTH CAUSE OF ACTION

### Representative Action for Civil Penalties

### [Cal. Labor Code §§ 2698–2699.5]

### (Against All DEFENDANTS)

57.     PLAINTIFF incorporates herein by specific reference as though fully set forth the allegations in all preceding paragraphs, with exception of the allegations in paragraph 16 and the subparagraphs thereto.

58.     PLAINTIFF is an "aggrieved employee" within the meaning of California Labor Code § 2699(c), and a proper representative to bring a civil action on behalf of himself and other current and former employees of DEFENDANTS pursuant to the procedures specified in California Labor Code § 2699.3, because PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS and the alleged violations of the California Labor Code were committed against PLAINTIFF and CLASS MEMBERS.

59.     Pursuant to the California Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698–2699.5, PLAINTIFF and CLASS MEMBBERS seeks to recover civil penalties, including but not limited to penalties under California Labor Code §§ 2699, 210, 226.3, 558, 1174.5, 1197.1, and IWC Wage Order No. 1-2001, § 20, from DEFENDANTS in a representative action for the violations set forth above, including but not limited to violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802. PLAINTIFF and CLASS MEMBERS are also entitled to an award of reasonable attorneys' fees and costs pursuant to California Labor Code § 2699(g)(1).

60.     Pursuant to California Labor Code §§ 2699.3, PLAINTIFF gave written notice by online filing on October 17, 2017 to the California Labor and Workforce Development Agency

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

15

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

("LWDA") and by certified mail to DEFENDANTS of the specific provisions of the California Labor Code and IWC Wage Orders alleged to have been violated, including the facts and theories to support the alleged violations.  More than sixty-five (65) days have passed and the LWDA has not provided notice to PLAINTIFF that it intends to investigate the alleged violations.

61.    Therefore, PLAINTIFF has complied with all of the requirements set forth in California Labor Code § 2699.3 to commence a representative action under PAGA.

## PRAYER FOR RELIEF

**WHEREFORE**, PLAINTIFF, individually and on behalf of all other persons similarly situated, respectfully prays for relief against DEFENDANTS and DOES 1 through 50, inclusive, and each of them, as follows:

1.    For compensatory damages in an amount to be ascertained at trial;

2.    For restitution of all monies due to PLAINTIFF and CLASS MEMBERS, as well as disgorged profits from DEFENDANTS' unfair and unlawful business practices;

3.    For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 10-2001;

4.    For liquidated damages pursuant to California Labor Code §§ 1194.2 and 1197.1;

5.    For preliminary and permanent injunctive relief enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful business practices complained of herein;

6.    For waiting time penalties pursuant to California Labor Code § 203;

7.    For statutory and civil penalties according to proof, including but not limited to all penalties authorized by the California Labor Code §§ 226(e) and §§ 2698–2699.5;

8.    For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, 2802, California Civil Code §§ 3287, 3288, and/or any other applicable provision providing for pre-judgment interest;

9.    For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194, 2699, 2802, California Civil Code § 1021.5, and any other applicable provisions providing for attorneys' fees and costs;

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

16

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

1      10.    For declaratory relief;

2      11.    For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth,

3 Seventh, Eighth, and Ninth Causes of Action as a class action;

4      12.    For an order appointing PLAINTIFF as class representative, and PLAINTIFF's

5 counsel as class counsel; and

6      13. For such further relief that the Court may deem just and proper.

DATED: January 3, 2018

Respectfully submitted,

**MATERN LAW GROUP, PC**

By: _____

Matthew J. Matern
Tagore Subramaniam
Daniel J. Bass
Attorneys for Plaintiff
DAVID ANTHONY PADILLA,
individually, and on behalf of other persons
similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

17

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: January 3, 2018

Respectfully submitted,

**MATERN LAW GROUP, PC**

By:

Matthew J. Matern
Tagore Subramaniam
Daniel J. Bass
Attorneys for Plaintiff
DAVID ANTHONY PADILLA,
individually, and on behalf of other persons
similarly situated

MATERN LAW GROUP
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

18

CLASS ACTION AND REPRESENTATIVE
ACTION COMPLAINT